THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LUIS GARZA Y GALINDO, RAFAEL BENITA GARZA AND GLOBAL CONSULTANT SERVICES, s.a. | ) ) ) | Case No. 2:07CV868 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION DENYING DEFENDANTS' MOTION TO DISMISS |
| ASSET RECOVERY TRUST, et al, | ) | |
| Defendant. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## I.  INTRODUCTION

This securities fraud action is before the court on the defendants' motion to dismiss the amended complaint [#57].  Plaintiffs filed a prior action (2:07cv349), which Judge Cassell dismissed without prejudice for lack of subject matter jurisdiction.  Judge Cassell noted his hesitancy to permanently pretermit the plaintiffs' day in court based on sloppy drafting, and then encouraged plaintiffs' counsel to file a more tightly drafted complaint and more precise responses to any motions to dismiss.

On November 11, 2007, Plaintiffs filed the complaint in this action.  Defendants again filed a Motion to Dismiss, and in response the plaintiffs filed an Amended Complaint. Defendants then filed the current Motion to Dismiss.  Accepting all well-pleaded factual allegations in the amended complaint as true and viewing them in the light most favorable to the plaintiffs, the Court finds that the Amended Complaint adequately states a claim, and therefore

denies the motion to dismiss.

## II. ANALYSIS

**A.  There are sufficient allegations of conduct occurring in the United Subject to allow this court to exercise subject matter jurisdiction**.

Defendants argue that this Court does not have subject matter jurisdiction because the case concerns allegations of an exchange occurring outside the United States, between foreign entities, with funds procured from foreign entities for a purchase by foreign entities for ownership in a foreign company.  They further argue that all of the material alleged activities, including that of any sale, occurred outside of the United States; that neither the purchaser nor the sellers were United States entities; and that the securities markets of the United States were neither used nor affected.  It is well-established that "foreign plaintiffs' suits under anti-fraud provisions of the securities laws [will] be heard only when substantial acts in furtherance of the fraud were committed within the United States."  *Psimenos v. E.F. Hutton & Co.,* 722 f.2d 1041, 1045 (2d Cir. 1983).

The Court finds that there are sufficient allegations of conduct occurring in the United States which directly caused the plaintiffs' loss, to allow the Court to exercise jurisdiction.  The Court in *Psimenos* held that they would entertain suits by foreigners "only where conduct material to the completion of the fraud occurred in the United States.  Mere preparatory activities, and conduct far removed from the consummation of the fraud, will not suffice to establish jurisdiction.  Only where conduct 'within the United States directly caused' the loss will a district court have jurisdiction over suits by foreigners who have lost money through sales abroad."  *Psimenos*, at 1046.

Many of the defendants in this case are residents of Utah or conduct business in the state

of Utah.  Plaintiffs' amended complaint lists numerous acts in furtherance of the alleged scheme that occurred in Utah, including a number of falsifications and misrepresentations meant to induce Plaintiffs to invest.  The complaint also alleges that David and Kelly Thacker operated Defendant entities from within Utah for the sole purpose of concealing the Plaintiffs investment funds.  Defendants also allegedly created the Asset Recovery Trust to launder Plaintiffs' assets in Utah.  Clearly there are sufficient allegations of conduct within the United States which directly caused Plaintiffs' loss to give the Court subject matter jurisdiction.

Defendants, in discussing subject matter jurisdiction in their reply brief, present the new argument that Plaintiffs were brokers, investing the money of other undisclosed persons and entities, not their own.  The Court will not consider this argument, because it was presented for the first time in the reply brief.  The Tenth Circuit has regularly held that it is improper to raise a new issue in a reply brief.  *U.S. v. Bishop,* 172 F.3d 63 (10th Cir. 1999).

**B.  Plaintiffs have plead sufficient facts to satisfy the elements for a Rule 10b-5 claim.**

In assessing the sufficiency of a complaint, all well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *Sutton v. Utah School for the Deaf & Blind.,* 173 F.3d 1226, 1236 (10th Cir. 1999).  A rule 12(b)(6) Motion to Dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pirraglia v. Novell, Inc.,* 339 F.3d 1182 (10th Cir. 2003).  In reviewing claims for securities fraud, the Tenth Circuit has adopted a totality standard of review: "[C]ourts must look to the totality of the pleadings to determine whether the plaintiffs' allegations permit a strong inference of fraudulent intent." *Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1262 (10th Cir.

2001).

Defendants argue that even if this Court has subject matter jurisdiction, the first and second claims for violation of Section 10 of the Securities Exchange Act of 1934 and Section 10(b) of the Securities Act should be dismissed. To establish a claim under rule 10b-5, the Complaint must contain allegations which address the following five elements: (1) a misleading statement or omission of material fact; (2) made in connection with the purchase or sale of securities; (3) with intent to defraud or recklessness; (4) reliance; and (5) damages. *Grossman v. Novell, Inc.,* 120 F.3d 1112, 1118 (10th Cir. 1997). Defendants assert that the Complaint fails entirely to allege elements (2), (3), and (4). The Court will, therefore, address these three elements.

Defendants argue that Plaintiffs have alleged only sweeping legal conclusions with no specific facts about when, where or who was involved, what was purchased and from whom in the amended complaint. Defendants also note that the Private Securities Litigation Reform Act ("PSLRA") 1995 has heightened the pleading standard. The PSLRA requires that in alleging that there is a false or misleading statement, "the complainant shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and if an allegation regarding the statement or omission is made on information and belief, the complainant shall state with particularity all facts on which that belief is formed." *Adams*, at 1088. The Tenth Circuit requires a complaint alleging fraud to "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indust., Inc.,* 203 F.3d 1202, 1236 (10th Cir. 2000). The Court finds that although much of the Amended Complaint is still somewhat general and conclusory, the plaintiffs have plead sufficient facts to satisfy the above elements for a Rule 10b-

5 claim.

The first element to consider is whether the misleading statement or omission was "made in connection with the purchase or sale of securities." Plaintiffs have alleged that from November of 2005 through 2006, the control persons, using seminars, telephone conversations, email, web sites, and in person, made numerous misrepresentations and omissions to the plaintiffs regarding the professional experience of members of the organization, past economic success, assets owned, the legal structure and actual operation of the business, location of investor funds, etc. Plaintiffs allege that the purpose of these misrepresentations and omissions was to induce them to purchase securities, which they did in fact do. Defendants allegedly obtained over four million dollars ($4,000,000.00) from the Plaintiffs, and in return, Plaintiffs received 500 Investment Certificates (one of which they attached as Exhibit "C" to their Complaint).

The second element is whether there was intent to defraud or recklessness. The PSLRA requires allegations of *scienter* to state "with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Adams v. Kinder Morgan, Inc.,* 340 F.3d 1083, 1096 (10th Cir. 2003). The level of scienter required in securities fraud cases is "a mental state embracing intent to deceive, manipulate, or defraud." *City of Philadelphia v. Fleming Companies, Inc.,* 264 F.3d 1245, 1259 (10th Cir. 2001)(quoting *Ernst & Ernst,* 425 U.S. at 197, 96 S.Ct. 1375). In addition, the motive to commit fraud must be pleaded. *Adams,* at 1096.

Although the drafting of the Amended Complaint could be better, the Court finds sufficient specific allegations of intent to defraud, or at a minimum, recklessness on the part of the defendants. Plaintiffs allege that all the misrepresentations and factual omissions identified

in the Amended Complaint were made knowingly and with the intent to deceive or defraud the Plaintiffs.  Even after all the individual defendants allegedly had actual knowledge of what was occurring, no corrective statements were ever made, and all of the Defendants continued to accept funds and run the scheme for their collective benefit.  Plaintiffs repeatedly allege that each named Defendant had actual and personal knowledge that investors were being misled and that they failed to disclose the truth.  Each defendant acted with full knowledge that investor capital was being siphoned off and not actually invested as promised.  Finally, Plaintiffs have alleged that each individual defendant not only knew the scheme was being operated, they each consciously advanced it, acted in furtherance of it, and profited from it personally.

The final element to consider is whether there was reliance.  The plaintiffs have alleged, as stated above, that they did in fact rely on the defendants' false statements, and as a result, purchased the Investment Certificates or securities, resulting in a loss to them of at least four million dollars ($4,000,000.00).

Accepting as true all well-pleaded factual allegations and viewing them in a light most favorable to the plaintiffs, the Court finds adequate factual allegations to deny the Motion to Dismiss.

**C. The Motion to Dismiss the Civil Racketeering Claim is denied, as Plaintiffs have alleged specific actions by these defendants to constitutes a pattern of racketeering.**

To assert a claim for violation of RICO, a complaint must allege "(1) Conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985).  The particularity requirements of Rule 9(b) apply to RICO claims. Defendants argue in their Motion to Dismiss that there is no factual basis alleged to support existence of an enterprise, and that the Complaint does not identify acts done by the defendants

that constitute a pattern.

In their response, the plaintiffs state that each of the named defendants acted in furtherance of the conspiracy and the creation of the enterprise itself, that the enterprise is legally sophisticated and directed to many victims beyond the Plaintiffs in this action, and that the very existence of the defendant Dressel entities assists in establishing the nature of the enterprise, the co-mingling and redistribution of fraudulently obtained funds, all the while revealing the machinery which makes the enterprise come to life and operate.  The Complaint provides numerous factual allegations in support of these claims.

Plaintiffs assert that the Control Persons acted intentionally to create a distinct pattern of using fraudulent representations to induce investors like the plaintiffs to purchase securities and provide monies which were then diverted by the Control Persons and the Dressel entities. Plaintiffs also allege that the Control Persons and the Dressel entities continue to shield, conceal, and perpetuate the scheme and avoid repaying or returning investment capital.  Plaintiffs say they have been rebuffed, lied to, and manipulated by the individually named Control Persons, who all sought to perpetuate the scheme and avoid repaying or returning investment capital.

To support their RICO claim, Plaintiffs refer to paragraph 130 which states that in exchange for four million dollars from Plaintiffs, the Control Persons delivered to Plaintiffs over 500 investment certificates.  Plaintiffs argue that this paragraph alleged no less than 500 predicate acts comprising "part" of the RICO claim.  Plaintiffs have also alleged that this enterprise targeted other investors and committed acts of fraud in the United States, Indonesia, Japan, and Vietnam, as well as Mexico.

Defendants argue that the Amended Complaint fails to state a RICO claim because a plaintiff cannot establish a RICO violation by relying on allegations of securities fraud.

However, this is not true. In *Sedima, S.P.R.L. v. Imrex Co.,* the U.S. Supreme Court held that, "RICO takes aim at 'racketeering activity' which it defines as any act 'chargeable' under several generically described state criminal laws, any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud, and any 'offense' involving bankruptcy or securities fraud . . . that is 'punishable' under federal law." 473 U.S. 479, 482 (U.S. 1985). Plaintiffs may rely on allegations of securities fraud to establish a violation of RICO.

The Court finds that the Amended Complaint contains sufficient allegations to assert a claim for RICO violations, and therefore denies the Motion to Dismiss as to the third cause of action.

**D. Plaintiffs have alleged facts sufficient to support their state securities fraud claims.**

Plaintiffs' Fourth Claim alleges a violation of Utah's Securities Act, §§ 61-1-8 through 61-1-11 U.C.A. Pursuant to § 61-1-22(1)(a): "A person who offers or sells a security in violation of subsection 61-1-3(1) . . . or offers, sales or purchases security in violation of § 61-1-1(2) is liable to the person selling the security to or buying the security from him. . . ." Defendants argue that Plaintiffs have failed to plead that the Defendants are statutory sellers with the requisite specificity required by rule 9(b) of the Federal Rules of Civil Procedure. "The issue of whether a party is considered a 'seller' under the Utah [Uniform Securities] Act is governed by the same standard as that which applies to claims of primary liability under § 12(2) of the Federal Securities Act of 1933." *Wenneman v. Brown*, 49 F.Supp.2d 1283, 1290 (Utah 1999)(internal citations omitted). Under § 12 of the Federal Securities Act of 1933 , the "Plaintiffs must allege facts that support the conclusion that the individual Defendants solicited the purchases and were motivated by a desire to serve their own financial interests." *Spiegel v.*

*Tenfold Corp,* 190 F.Supp.2d 1261, 1269 (D. Utah 2002).  A bold allegation that the Defendant solicited purchases is not sufficient.  *Id.*

After considering the totality of the pleadings, the Court finds that Plaintiffs have alleged facts sufficient to support the conclusion that the individual Defendants solicited the purchases and were motivated by their own financial interests.  The Amended Complaint is replete with specific allegations that the individual defendants, i.e. the Control Persons, solicited the purchases of securities by the Plaintiffs in order to serve their own financial interests.  Therefore the Court denies the motion to dismiss the fourth claim for violation of state securities fraud.

**E.  Plaintiffs have plead their Common Law Fraud Claims with sufficient particularity.**

With respect to the Plaintiffs' common law fraud claims, such claims must be plead with particularity.  *Lochhead v. Alacano,* 697 F.Supp. 406, 414 (D Utah 1988).  But the sufficiency of the factual allegations must be construed favorably to the plaintiff, and the plaintiff can be denied the opportunity to present evidence supporting his claims, "[o]nly if there is no set of facts upon which plaintiff would be entitled to relief."  *Lochhead,* at 413.  The Court in *Lochhead* held that "Plaintiffs cannot be penalize[d] . . . merely because he was not privy to, and, therefore, cannot plead the details of the inner workings of a group of defendants who allegedly acted in concert to defraud him."  *Lochhead*, at 419 (quoting *Kravetz v. Bruckenfeld,* 591 F.Supp. 1383, 1388 n.9 (S.D.N.Y. 1984)).  As with other fraud claims above, the Court finds that Plaintiffs have plead their common law fraud claims with sufficient particularity.

**F.  The Claim for Breach of Fiduciary Duty has been adequately pled.**

Defendants argue that the Amended Complaint is devoid of any allegations establishing a

special relationship or other basis for fiduciary relationship between these defendants and the plaintiffs, and that it is also devoid of any allegation of the nature of the breach of any such duties owed.  The Court disagrees.  The defendants were allegedly officers, directors, general counsel and executives of the Dressel Investments, Ltd. (BVI), in which Plaintiffs were investors.  When Defendants represented themselves as corporate officials and, in an attempt to serve their own financial interests, allegedly sold Plaintiffs securities, Defendants created an inherent fiduciary relationship under the common law as described in *United States v. Chestman,* 947 F.2d 551, 568-569 (2d Cir. 1991).

**G.  Claim for punitive damages will not be dismissed.**

The defendants' only argument for dismissing the eighth claim for punitive damages is that it is entirely dependant on the fifth and sixth claims for common law fraud, and should be dismissed for the same reasons.  As this Court is not dismissing the fifth and sixth claims, the motion to dismiss the eighth claim is denied.

**H.  Plaintiffs have adequately plead the Ninth Claim for a Pattern of Unlawful conduct.**

The ninth claim for a Pattern of Unlawful Conduct is adequately plead for the same reasons set forth above with respect to the RICO claim.  The Motion to Dismiss this claim is also denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied.

SO ORDERED.

DATED this 12th day of August, 2008.

                                      BY THE COURT:

                                      DAVID SAM
                                      SENIOR JUDGE
                                      U.S. DISTRICT COURT