THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LUIS GARZA Y GALINDO, RAFAEL BENITA GARZA AND GLOBAL CONSULTANT SERVICES, s.a. | ) | Case No. 2:07CV868 DS |
| Plaintiff, | ) | |
| | ) | MEMORANDUM DECISION |
| vs. | ) | |
| ASSET RECOVERY TRUST, et al, | ) | |
| Defendant. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## I. INTRODUCTION

Defendant/Third Party Plaintiff Dwight B. Williams has, pursuant to Rule 14 of the Federal Rules of Civil Procedure, filed a third party complaint against Donald Sherer, Michelle Sherer, Jason Sherer, Jared Sherer and Kenneth McCabe. Mr. Williams claims that the Sherers and Mr. McCabe controlled or participated in the Dressel entities at all times relevant to this action, and made the majority of alleged misrepresentations and omissions, as well as most of the high-level decisions that allegedly led to Plaintiffs' injuries. The above-named third party defendants have all moved the Court to dismiss the Third Party Complaint. The Court concludes that Williams' Third Party Complaint fails to allege facts that would support, even under the most favorable reading, the claims that the third party defendants should indemnify Williams or

that "as between" them and Williams, the third party defendants are the "truly liable" parties. Thus the Court hereby grants the Motions to Dismiss.

## II. ANALYSIS

Mr. Williams argues that under Rule 14, FRCP, he is entitled to indemnification of any liability he may bear in the action. He alleges that the Sherers and Mr. McCabe are the parties truly liable to the Plaintiffs in this case, and that they must indemnify him if he is found liable, so in the interest of efficiency the Court should accept that Third-Party Complaint. He also argues that under Utah Code Annotated § 78B-5-821(1), the third-party defendants should be added in order to permit apportionment of fault.

Even under a theory of equitable indemnity, however, Williams must still allege facts sufficient under Rule 12(b)(6), to support a claim against these defendants. A pleader must do more than merely incant labels, conclusions, and the formulaic elements of a cause of action. *Bell Atlantic v. Twombly,* 127 S.Ct. 1955, 1964-65, 167 L.Ed 2d 929 (U.S. 2007). William's Third Party Complaint has failed to meet the minimum pleading requirement. Williams fails to allege facts which, if assumed to be true, would give rise to any claims against the Sherers and Mr. McCabe.

The Third Party Complaint completely fails to meet the minimum pleading requirement for any fraud claims against these defendants, as required under F.R.C.P 9(b), which requires pleading "with particularity." The Third Party Complaint contains no allegations concerning the essential elements of common law or securities fraud, failing to allege any specific

2

misrepresentations or material omissions, reliance, or damages. Mr. Williams' argument that his claims are derivative in nature, or are for equitable indemnification, does not eliminate the requirement that the circumstances constituting fraud be plead "with particularity." Therefore, the First, Fourth, Fifth and Ninth causes of Action in the Third Party Complaint must be dismissed.

Mr. Williams has also failed to meet the requirements for an indemnity claim against the Sherers and Mr. McCabe. The general rule of indemnity provides that "A person who, in whole or in part, has discharged a duty which is owed but which as between himself and another should have been discharged by the other is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct." *Hanover Ltd. V. Cessna Aircraft Co.,* 758 P.2d 443, 445 (Utah Ct. App. 1988). Williams has not alleged that he has discharged any obligation to plaintiffs, nor has he alleged any facts that would, even if assumed to be true, establish that the Sherers and Mr. McCabe owed a duty to the Plaintiffs in this action, or that they are liable to the Plaintiffs. In fact, there is almost nothing in the Third Party Complaint about any relationship between the Plaintiffs and the Third Party Defendants. And there are no facts which suggests that between Mr. Williams and the Third Party Defendants, that those defendants should be more responsible for the claims by Plaintiffs against Mr. Williams.

Courts have rejected indemnity for a variety of securities violations because indemnity contravened "the public policy enunciated by the federal securities laws." *First Golden Bancorporation v. Weiszmann v. Morgan Stanley* (Third party Defendants), 942 F.2d 726, 728 (1991). Courts have similarly denied indemnification to Civil RICO defendants. See *Seminole Electric Cooperative inc. v. Tanner,* 635 F. Supp 582 (1986).

### III. CONCLUSION

For the reasons stated above, the Court hereby grants the Third Party Defendants' Motions to Dismiss (Docket Numbers 218, 221, and 223).

SO ORDERED.

DATED this 22nd day of July, 2009.

BY THE COURT:

*David Sam*

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT